NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12089


COMMONWEALTH  vs.  AARON HERNANDEZ.



Suffolk.      May 3, 2016. - August 19, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.[1]


Cellular Telephone.  Search and Seizure, Warrant.  Practice,
    Criminal, Warrant.




    Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on December 1, 2015.

    A petition for relief  under G. L. c. 211, § 3, filed on
March 29, 2016, was reported by Botsford, J.


    Teresa K. Anderson, Assistant District Attorney (Patrick M.
Haggan & Janis DiLoreto Smith, Assistant District Attorneys,
with her) for the Commonwealth.
    James L. Sultan (Charles W. Rankin with him) for the
defendant.


    SPINA, J.  In this case, here on a reservation and report

from a single justice of the county court, we consider whether

    [1] Justice Spina participated in the deliberation on this
case and authored this opinion prior to his retirement.
Justices Cordy and Duffly participated in the deliberation on
this case prior to their retirements.

the Commonwealth, by means of an anticipatory search warrant, can obtain possession of a cellular telephone that the defendant, Aaron Hernandez, gave to his attorney for the purpose of obtaining legal advice. For the reasons that follow, we conclude that, pursuant to G. L. c. 276, § 1, a search warrant may issue for the seizure of the telephone because, absent such issuance, there is probable cause to believe that the telephone will be secreted from view.[2] Accordingly, we vacate the order of the Superior Court that reached a contrary conclusion.

1. Background. On July 16, 2012, Daniel de Abreu and Safiro Furtado were murdered in an alleged drive-by shooting in the South End section of Boston. During the investigation of the crimes, Alexander Bradley stated that he witnessed the defendant shoot at five occupants of a 2003 BMW sedan on the date in question. He further stated that on February 13, 2013, while he and the defendant were on vacation together in Florida, the defendant shot him in the head. Bradley also indicated that, following this incident, he communicated with the

---

[2] General Laws c. 276, § 1, states, in relevant part: "[N]o search and seizure without a warrant shall be conducted, and no search warrant shall issue for any documentary evidence in the possession of a lawyer, psychotherapist, or a clergyman, . . . who is known or may reasonably be assumed to have a relationship with any other person which relationship is the subject of a testimonial privilege, unless, in addition to the other requirements of this section, a justice is satisfied that there is probable cause to believe that the documentary evidence will be destroyed, secreted, or lost in the event a search warrant does not issue."

defendant on multiple occasions between February 14, 2013, and June, 2013, either by calling the defendant or sending him text messages on his cellular telephone. During these conversations, Bradley threatened to sue the defendant and to publicly expose his violent behavior. Around June 16, 2013, the defendant purportedly delivered his cellular telephone to his attorney at Ropes & Gray LLP (Ropes & Gray) for the purpose of seeking legal advice on several matters.[3]

On March 24, 2014, the Commonwealth filed a motion in the Superior Court pursuant to Mass. R. Prof. C. 3.8 (f), 426 Mass. 1397 (1998), for judicial approval of a grand jury subpoena duces tecum to compel Ropes & Gray to produce the telephone. Following a hearing, a judge denied the motion, but noted that his denial was without prejudice to refiling based on a showing of probable cause in conformity with the requirements of G. L. c. 276, § 2B (affidavit in support of search warrant

---

[3] Ropes & Gray LLP (Ropes & Gray) had begun to represent the defendant in April, 2013. On June 13, 2013, Alexander Bradley commenced a civil action against the defendant in the United States District Court for the Southern District of Florida (Miami), alleging assault, libel, and slander. Approximately two weeks later, the defendant was arrested and charged with murder in the shooting death of Odin Lloyd in Bristol County. Shortly thereafter, Rankin & Sultan joined the defendant's legal team. On April 15, 2015, a jury convicted the defendant of murder in the first degree, and he was sentenced to the mandatory term of life in prison without the possibility of parole. On March 14, 2016, Bradley's civil action against the defendant was dismissed with prejudice after the parties reached a settlement.

application).  The Commonwealth immediately filed a second motion for judicial approval of the grand jury subpoena directed at Ropes & Gray.  Following another hearing, the judge authorized the issuance of the subpoena after finding probable cause to believe that the telephone contained evidence of a crime under investigation by the grand jury and was in the possession of Ropes & Gray.  However, the judge stayed the issuance and execution of the subpoena to allow the defendant to file a petition for relief in the county court pursuant to G. L. c. 211, § 3.  The judge also ordered that, if Ropes & Gray indeed had the telephone in its possession, it not alter, transfer, dispose of, return, or otherwise render the telephone unavailable pending further court order.  The defendant filed his G. L. c. 211, § 3, petition, and the single justice reserved and reported the matter to the full court.[4]

---

[4] While these proceedings were ongoing, a Suffolk County grand jury indicted the defendant on May 15, 2014, in connection with the drive-by shooting in the South End on July 16, 2012. He was charged with murder in the first degree, G. L. c. 265, § 1 (two counts); armed assault with intent to murder, G. L. c. 265, § 18 (b) (three counts); assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b); and carrying a firearm without a license, G. L. c. 269, § 10 (a). Approximately one year later, on May 8, 2015, a Suffolk County grand jury indicted the defendant on an additional charge of witness intimidation, G. L. c. 268, § 13B.  The Commonwealth alleged that the defendant sought to intimidate Bradley by shooting him in the head because the defendant was concerned that Bradley would implicate him in the murders of Daniel de Abreu and Safiro Furtado.

On January 12, 2015, this court allowed the defendant's petition for relief under G. L. c. 211, § 3, and reversed the judge's order authorizing the issuance of a subpoena, concluding that the attorney-client privilege protected the defendant against compelled production of the cellular telephone by Ropes & Gray, and that the protection afforded by such privilege could not be set aside based on a showing of probable cause. Matter of a Grand Jury Investigation, 470 Mass. 399, 400, 403-407 (2015) (Grand Jury Investigation), citing Fisher v. United States, 425 U.S. 391, 402-405 (1976).[5] We pointed out that because the Commonwealth had sought to obtain the telephone via a subpoena, the provisions of G. L. c. 276, § 1, governing the issuance of search warrants, had no bearing on the court's analysis. Grand Jury Investigation, supra at 410. Instead, the court's holding was predicated on its determination that "the compelled production of the telephone via a subpoena directed at

_____

[5] In Fisher v. United States, 425 U.S. 391, 402 (1976), the United States Supreme Court held that "compelled production of documents from an attorney does not implicate whatever . . . privilege [under the Fifth Amendment to the United States Constitution] the [target of an investigation] might have enjoyed from being compelled to produce them himself." However, the Court also concluded that, separate from the right against self-incrimination, the attorney-client privilege protects certain materials from production by an attorney. If a client "transferred possession of . . . documents . . . from himself to his attorney in order to obtain legal assistance . . . , the papers, if unobtainable by summons from the client, are unobtainable by summons directed to the attorney by reason of the attorney-client privilege." Id. at 405.

[the defendant] would violate the act of production doctrine, [which derives from the privilege against self-incrimination,] and consequently that the compelled production of the telephone via a subpoena directed at [Ropes & Gray] would violate the attorney-client privilege under Fisher."[6]  Id.  Significantly, the court's analysis was confined to the limited record that was before the Superior Court judge in March, 2014.  Id. at 400, 416.

---

[6] Although the Commonwealth sought to acquire the cellular telephone via a subpoena, it also indicated that if the court declined to authorize the issuance of a subpoena, the Commonwealth would apply for a search warrant to seize the device.  Matter of a Grand Jury Investigation, 470 Mass. 399, 410 (2015) (Grand Jury Investigation).  That being the case, this court proceeded to consider the availability of a search warrant under G. L. c. 276, § 1, and to "reject the Commonwealth's contention that documentary evidence is 'secreted' whenever an attorney invokes the Fisher rule to resist its compelled production."  Id. at 414.  Instead, we concluded that the exception to the general prohibition on the issuance of a search warrant for documentary evidence in the possession of a lawyer applies only where, based on a fact-specific determination, "there is probable cause to believe that the documentary evidence will be destroyed, secreted, or lost in the event a search warrant does not issue."  Id., quoting G. L. c. 276, § 1.  In Grand Jury Investigation, nothing in the record that was before the Superior Court judge in March, 2014, suggested that Ropes & Gray was no longer engaged in providing legal advice to the defendant.  Id.  Therefore, the court stated that "[t]he privileged retention of client documents in such circumstances [could not] be said to be the secretion of those documents."  Id.  We left for another day "the question whether and under what circumstances the prolonged retention by counsel of client documents unprotected or no longer protected by any privilege might qualify as secreting under the meaning of G. L. c. 276, § 1."  Id.

In a concurring opinion, three Justices agreed that Fisher, 425 U.S. at 402-405, controlled the subpoena question raised in the case, and that the record was inadequate to make a judgment about the propriety of the issuance of a search warrant. Grand Jury Investigation, 470 Mass. at 417 (Cordy, J., concurring). Nonetheless, the concurring Justices emphasized that "placing the cell[ular] [tele]phone (or any other incriminating documentary evidence) in the hands of an attorney does not sequester it under Massachusetts law from the reach of law enforcement pursuant to G. L. c. 276, § 1, where it is not claimed that the cell[ular] [tele]phone itself is privileged or contains privileged material, where there is probable cause to believe that it contains evidence of crimes under investigation by the grand jury, and where it is no longer being retained for the purpose of rendering legal advice." Id. It was the view of the concurring Justices that G. L. c. 276, § 1, "was never intended to permanently shield from seizure unprivileged evidence of criminal activity placed in the hands of an attorney by a client under investigation, or to create a depository for the secretion or sequestration of such evidence from law enforcement."[7] Id. at 419.

---

[7] The concurring Justices in Grand Jury Investigation, 470 Mass. at 420, articulated a protocol for the seizure, by way of a search warrant, of unprivileged evidence of criminal activity held by an attorney for a client under investigation. They

On May 4, 2015, the Commonwealth, in reliance on the protocol articulated by the concurring Justices in Grand Jury Investigation, 470 Mass. at 420, see note 7, supra, filed an application for a search warrant pursuant to G. L. c. 276, §§ 1-7, together with a supporting affidavit, to seize the telephone from Ropes & Gray.  Five months later, on October 6, 2015, the Commonwealth filed a motion pursuant to Mass. R. Crim. P. 17, 378 Mass. 885 (1979), for production of the telephone by Ropes &

---

concluded that in circumstances "where it appears that an item of evidence sought by the Commonwealth cannot be obtained from [a] law firm by the issuance of a subpoena because of its client's privilege regarding production, and where, as a consequence, a search warrant would ordinarily be necessary, the warrant application should be presented to a judge, with those circumstances set out in an affidavit.  The judge should then issue a short order of notice to the law firm, giving it an opportunity to raise any privilege that might protect the item from seizure.  Along with the short order of notice, the judge should issue an order barring the law firm from transferring or destroying the item pending further ruling of the court.  In this manner, the unprivileged and relevant evidence [would] not [be] lost to the Commonwealth, and there [would be] an opportunity prior to a search for privileges to be raised and litigated.  If the judge concludes that no privilege applies to the item and that its retention by the law firm is no longer for the purpose of or necessary to the rendering of legal advice, the judge may properly order the warrant to issue.  In such circumstances, the continued retention of the evidence would constitute its concealment within the meaning of the term 'secreted' as used in G. L. c. 276, § 1.  The judge may further direct the parties to fashion a protocol unlikely to pose a risk to the privileges of other documents or clients or to result in a production that is testimonial and incriminating" (footnotes omitted).  The majority opinion acknowledged the protocol articulated by the concurring Justices, but took no view as to its propriety.  Grand Jury Investigation, 470 Mass. at 416 n.7.

Gray (rule 17 motion).[8]  Following several hearings, the Superior Court judge made proposed findings of fact relating to whether the telephone, if in the possession of Ropes & Gray, continued to be held in connection with and for the purpose of providing legal advice and services to the defendant.  Distribution of these proposed findings to the Commonwealth was stayed pending the filing of a petition for interlocutory relief by the defendant, and certain of the proposed findings were placed under seal until further order of the court.

On December 1, 2015, the defendant filed a petition for relief in the county court pursuant to G. L. c. 211, § 3, challenging the process employed by the Superior Court judge to adjudicate the Commonwealth's pending application for a search warrant and rule 17 motion, and seeking to preclude the judge from releasing his proposed findings of fact to the Commonwealth.  Following several hearings, the single justice ordered that the petition be allowed to the limited extent that publication and distribution to the Commonwealth of the judge's sealed proposed findings of fact remain stayed until further order of the county court.  The single justice also ordered that

---

[8] Rule 17 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 885 (1979), governs the issuance of subpoenas in criminal cases.  See Preventive Med. Assocs., Inc. v. Commonwealth, 465 Mass. 810, 819 (2013).  Under rule 17 (a) (2), a subpoena may issue for the production of "books, papers, documents, or other objects designated therein."

the matter be remanded to permit the judge to decide the Commonwealth's pending submissions.

On March 7, 2016, the Superior Court judge denied the Commonwealth's application for a search warrant and rule 17 motion. With respect to the latter, the judge determined that, consistent with Grand Jury Investigation, 470 Mass. at 403-407, and Fisher, 425 U.S. at 402-405, the attorney-client privilege shielded the cellular telephone, which had been given to Ropes & Gray in connection with its representation of the defendant in several matters, from the Commonwealth's reach. The judge also found that as a consequence of the court's prior order precluding Ropes & Gray from returning, transferring, or disposing of the telephone, the defendant's successor counsel, Rankin & Sultan, had not been able to access the device in connection with their provision of legal services to the defendant. The judge stated that it would be appropriate to vacate the prior order so the telephone could be transferred to Rankin & Sultan, subject to the limitations set forth in Mass. R. Prof. C. 3.4 (a), as appearing in 471 Mass. 1425 (2015),[9] but the judge did not actually vacate this order.

---

[9] Rule 3.4 (a) of the Massachusetts Rules of Professional Conduct, as appearing in 471 Mass. 1425 (2015), states that a lawyer shall not "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value."

With respect to the Commonwealth's application for a search warrant, the judge found that there was probable cause to believe that the data on the telephone would provide evidence of "the relationship between Bradley and the defendant" and "their presence together in Florida in February, 2013," and that text messages would reference "the circumstances surrounding Bradley being shot and the defendant's role and possible culpability in that criminal incident."  The judge stated that such evidence undoubtedly was relevant to the defendant's indictment on a charge of witness intimidation.  See note 4, supra.  However, the judge also stated that there was good reason to believe that continued possession of the telephone by counsel still was necessary for the provision of legal services to the defendant.  Accordingly, the judge concluded that the Commonwealth had not shown probable cause to believe that the telephone was at risk of being "destroyed, secreted, or lost in the event a search warrant [did] not issue."  G. L. c. 276, § 1.

On March 17, 2016, the Commonwealth filed a motion in the Superior Court to compel Ropes & Gray to transfer the cellular telephone to Rankin & Sultan by a date certain.  The Commonwealth did not dispute the judge's finding that Rankin & Sultan needed a reasonable period of time to review the device and conduct a forensic examination of its contents.  However, the Commonwealth asserted that counsel could download and

preserve the contents of the telephone within a matter of days, if not hours.  Once that occurred, the Commonwealth continued, Rankin & Sultan would no longer have to possess the telephone, and the protections afforded by Fisher would no longer apply. See note 5, supra.  In the Commonwealth's view, counsel did not need prolonged, indefinite, or unilateral access to the telephone itself in order to render legal advice.  The Commonwealth also requested that the court maintain its prior order which precluded defense counsel from returning, transferring, or disposing of the telephone, pending further court order, with notice to the Commonwealth and an opportunity to be heard.

On March 18, 2016, the single justice in the county court held another hearing on the defendant's December 1, 2015, petition for relief pursuant to G. L. c. 211, § 3.  She ordered that the matter be remanded to the Superior Court for further proceedings, including, but not limited to, motions previously filed or anticipated to be filed by the Commonwealth.  The single justice stated that, following the issuance of the judge's rulings on these motions, counsel for any aggrieved party could again petition the county court for interlocutory appellate relief.  The single justice further ordered that the sealed proposed findings of fact made by the Superior Court judge on November 17, 2015, remain under seal, and that their

publication and distribution to the Commonwealth remain stayed until further order of the county court.

On March 22, 2016, the Commonwealth filed in the Superior Court an application for an anticipatory search warrant to seize the cellular telephone from Rankin & Sultan at the conclusion of a "legal advice period."  In an affidavit in support of the search warrant, Boston police Sergeant Detective Kevin Witherspoon, the director of the computer forensics laboratory at the Suffolk County district attorney's office, stated that, based on his research and past experience, the extraction of data from the telephone should take less than two hours to complete.  If the device's battery was not already charged, one additional hour would be required.  The defendant opposed the Commonwealth's application for an anticipatory search warrant.

By memorandum of decision and order dated March 25, 2016, the judge allowed, in part, the Commonwealth's motion to compel the transfer of the cellular telephone.  The judge ordered Ropes & Gray to transfer the telephone to Rankin & Sultan on or before March 28, 2016, so that the defendant could obtain legal advice from his current attorneys.  Based on the uncontested affidavit of Sergeant Detective Witherspoon, the judge determined that fourteen days would be a reasonable period of time for Rankin & Sultan to retain the telephone for the provision of such legal advice.  A limited extension of time could be allowed, if

necessary. The judge directed Rankin & Sultan, and its agents, not to "alter, transfer, dispose of, return, or otherwise render the telephone unavailable pending further court order," but the judge expressly permitted Rankin & Sultan to transfer the telephone to its agents or experts, if any, to conduct a review of the device. Immediately after the expiration of the reasonable period of time, Rankin & Sultan was ordered to place the telephone in a sealed envelope or box and to retain it until further order of the court. Ropes & Gray was directed to file a written notice with the court on or before March 29, 2016, indicating whether it had complied with the court's order. In his memorandum of decision and order, the judge also denied, without prejudice, the Commonwealth's application for an anticipatory search warrant to seize the telephone from Rankin & Sultan at the end of the "legal advice period." The judge's conclusion was based on the fact that the concurring opinion in Grand Jury Investigation, 470 Mass. at 416-421, and the protocol articulated therein, had no precedential value. See note 7, supra.

On March 29, 2016, the Commonwealth filed a petition for relief in the county court pursuant to G. L. c. 211, § 3, challenging the denial of its application for an anticipatory search warrant. On March 31, 2016, in accordance with the order of the Superior Court judge, Ropes & Gray filed a certification

stating that the cellular telephone had been delivered to Rankin & Sultan on March 30.  On April 7, 2016, the single justice reserved and reported the matter without decision to the full court.

2.  Discussion.  The Commonwealth contends that where an attorney's continued retention of documentary evidence is no longer necessary for the provision of legal services to a client, such evidence is being "secreted" within the meaning of G. L. c. 276, § 1, and a search warrant properly may issue for its seizure.  We agree.

In Grand Jury Investigation, 470 Mass. at 417, the concurring Justices pointed out that G. L. c. 276, § 1, was amended in 1986 to protect from search and seizure, except in limited circumstances, "documentary evidence" in the possession of lawyers, psychotherapists, and clergymen.[10]  See St. 1986, c. 691.  The Legislature recognized that "the law provides special privileges to the consultations [these professionals] have with their clients, patients, or parishioners," and that "a

_____

[10] For purposes of this statutory provision, the term "documentary evidence" includes, but is not limited to, "writings, documents, blueprints, drawings, photographs, computer printouts, microfilms, X-rays, files, diagrams, ledgers, books, tapes, audio and video recordings, films or papers of any type or description."  G. L. c. 276, § 1.  This broad definition would encompass a cellular telephone, which may contain any and all of these enumerated categories of evidence. See Grand Jury Investigation, 470 Mass. at 412 (stating that search for cellular telephone is search for "documentary evidence" within meaning of G. L. c. 276, § 1).

search of their files for nonprivileged documents (pursuant to a search warrant) would pose a significant risk that the privileges of innocent third parties would be compromised." Id. at 417-418 (Cordy, J., concurring), and sources cited. Consequently, as pertinent here, the Legislature determined that a search warrant shall not issue for documentary evidence transferred to a lawyer by a client for the provision of legal advice unless "a justice is satisfied that there is probable cause to believe that the documentary evidence will be destroyed, secreted, or lost in the event a search warrant does not issue."[11] Notwithstanding this limitation on the powers of search and seizure, the concurring Justices in Grand Jury Investigation, supra at 419, also pointed out that nothing in the extensive legislative history of the 1986 amendment to G. L. c. 276, § 1, suggested that the Legislature intended for its provisions "to permanently shield from seizure unprivileged evidence of criminal activity placed in the hands of an attorney by a client under investigation, or to create a depository for the secretion or sequestration of such evidence from law enforcement." That being the case, we construe the statute in

---

[11] The 1986 amendment to G. L. c. 276, § 1, also provided that a search warrant for such documentary evidence could issue if there was probable cause to believe that the lawyer in possession of the evidence had committed, was committing, or was about to commit a crime. St. 1986, c. 691. This provision is not relevant to the matter before us.

accordance with the Legislature's intent and proceed to consider whether the necessary factual showing has been made for the issuance of a search warrant to Rankin & Sultan for the cellular telephone.  In so doing, we resolve the question left unanswered in Grand Jury Investigation, supra at 414, mindful of our observation that nothing in that opinion should be interpreted as suggesting that "a lawyer, having received materials whose contents are not themselves privileged for purposes of rendering legal advice, may retain such materials indefinitely, absent a continuing bona fide need and purpose related to the provision of legal advice."  Id. at 415.  See note 6, supra.

This court's discussion in Grand Jury Investigation, 470 Mass. at 410-416, about the availability of a not yet requested search warrant under G. L. c. 276, § 1, was confined to the limited record that was before the Superior Court judge in March, 2014.  Id. at 414, 416.  At that time, nothing in the record suggested that Ropes & Gray was no longer engaged in the provision of legal services to the defendant.  Id. at 414. Consequently, the law firm's retention of the telephone could not be said to be the "secretion" of documentary evidence.  Id. Since the issuance of our decision in that case, however, the circumstances surrounding the defendant's cellular telephone have changed.

First, the Commonwealth now has filed an application for the issuance of an anticipatory search warrant. Second, no claim has been raised that the telephone itself is privileged, or that it contains any privileged communications. Third, the judge already has found probable cause to believe that the telephone contains evidence of the crimes under investigation. Finally, the judge accepted and credited the representations set forth in Sergeant Detective Witherspoon's affidavit that the contents of the telephone could be downloaded in a few hours. That being the case, the judge determined that, after a fourteen-day period of time during which the download could occur, Rankin & Sultan no longer needed to retain possession of the telephone itself for the provision of legal services to the defendant.[12]

In order to obtain the search warrant, the Commonwealth was required to show that "there is probable cause to believe that the documentary evidence will be . . . secreted . . . in the event a search warrant does not issue." G. L. c. 276, § 1. The term "secrete" is defined in Black's Law Dictionary 1557 (10th ed. 2014) as meaning "[t]o remove or keep from observation, . . . to conceal . . . to hinder or prevent officials . . . from

---

[12] The seizure of the telephone by law enforcement officials pursuant to a search warrant does not involve an act of production by Rankin & Sultan implicating the attorney-client privilege. See Grand Jury Investigation, 470 Mass. at 404, 415, citing Fisher, 425 U.S. at 405.

finding it."  Once Rankin & Sultan has downloaded the contents of the telephone, it has no legitimate purpose for the telephone's retention.  Rankin & Sultan no longer requires possession of the telephone for the provision of legal advice to the defendant.  In such circumstances, the continued retention of this device can only be understood as having the effect of concealing or removing it from the observation of others, namely the Commonwealth.  The Superior Court judge's order directing Rankin & Sultan not to "alter, transfer, dispose of, return, or otherwise render the telephone unavailable pending further court order" merely is designed to preserve the status quo.  Because continued retention of the telephone by Rankin & Sultan means that the device is being "secreted" within the meaning of G. L. c. 276, § 1, the limited exception to the prohibition on the issuance of a search warrant for documentary evidence in the possession of a lawyer is applicable.[13]  A search warrant may issue for the seizure of the telephone.[14]

---

[13] We do not suggest, in any way, that Rankin & Sultan intentionally sought to conceal the telephone from law enforcement officials or acted unprofessionally in retaining possession of the telephone pending further court order.

[14] The manner by which the Superior Court judge handled the Commonwealth's application for an anticipatory search warrant, in conformity with the protocol articulated by the concurring Justices in Grand Jury Investigation, 470 Mass. at 420, see note 7, supra, was reasonable and appropriate.  The judge correctly noted that a search warrant "must have conditions relating to the manner of [its] execution . . . , recognizing the inherent

3.  <u>Conclusion</u>.  We remand this matter to the single justice for entry of a judgment allowing the Commonwealth's petition for relief under G. L. c. 211, § 3, vacating the order of the Superior Court that denied the Commonwealth's application for an anticipatory search warrant, and remanding the matter to the Superior Court for such other proceedings as are consistent with this opinion.

<u>So ordered</u>.

---

privileges associated with a search of a law firm or an attorney's offices."  The judge should further direct the parties to fashion a protocol that eliminates the need for law enforcement officials to rummage through the files of Rankin & Sultan until they find the telephone.  Incorporated in this protocol shall be language stating that the Commonwealth, at trial, will be required independently to authenticate the telephone without reference to the circumstances surrounding its seizure from Rankin & Sultan.

LENK, J. (concurring, with whom Duffly and Hines, JJ., join). I agree with the court's conclusion that a search warrant may issue for the defendant's cellular telephone pursuant to G. L. c. 276, § 1, to the extent that the procedure employed "recogniz[es] the inherent privileges associated with a search of a law firm" and "eliminates the need for law enforcement officials to rummage through the [firm's] files." Ante at note 14. I write separately to underscore two points.

First, the court concludes that Rankin & Sultan's continued retention of the telephone, beyond a period "reasonably necessary for purposes of representation," see Matter of a Grand Jury Investigation, 470 Mass. 399, 420 n.2 (2015) (Cordy, J., concurring), constitutes "secretion" of evidence under G. L. c. 276, § 1. I emphasize, as stated by the court in a footnote, see ante at note 13, that there is no suggestion that the firm acted improperly in declining to provide the Commonwealth with access to the telephone before it could be established (a) that the firm was in fact required to provide such access and (b) that doing so did not conflict with the firm's duties to its client.[15] Cf. Mass. R. Prof. C. 8.5 comment 3, as appearing in

---

[15] While the term "secrete" may, in other contexts, refer to an act of improper concealment, see Black's Law Dictionary 1557 (10th ed. 2014), that is not so here. Indeed, the interpretation given by the court to the word "secrete" in G. L. c. 276, § 1, is not claimed to reflect that word's most natural or common meaning. Rather, it reflects the court's

454 Mass. 1301 (2009) (rules of professional conduct "provide[] protection from discipline for lawyers who act reasonably in the face of [legal] uncertainty").

Second, the court notes that the "seizure of the telephone by law enforcement officials pursuant to a search warrant does not involve an act of production by Rankin & Sultan implicating the attorney-client privilege." Ante at note 11. As a corollary to this, the fact that the telephone was in the firm's possession cannot be construed as "an admission 'that the [items of evidence extracted from the device] . . . were in [the defendant's] possession or control, and were authentic." Matter of a Grand Jury Investigation, supra at 403, quoting United States v. Hubbell, 530 U.S. 27, 36 (2000). See ante at note 14 (evidence seized from firm must be "independently . . . authenticate[d]"). Were this not so, the warrant procedure might, indeed, implicate the attorney-client privilege. See Matter of a Grand Jury Investigation, supra at 420 (Cordy, J.,

understanding that the statute must be construed "in accordance with the Legislature's intent," and that "nothing in the [statute's] extensive legislative history . . . suggest[s] that the Legislature intended for its provisions 'to permanently shield from seizure unprivileged evidence of criminal activity placed in the hands of an attorney by a client under investigation, or to create a depository for the secretion or sequestration of such evidence from law enforcement.'" Ante at    . See Commonwealth v. Scott, 464 Mass. 355, 358 (2013) ("construction of a word or phrase may vary from its plain meaning when such a meaning would 'involve a construction inconsistent with the manifest intent of the law-making body'" [citation omitted]).

concurring) (seizure pursuant to warrant does not implicate attorney-client privilege if does not "result in a production that is testimonial and incriminating").